IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SABRINA SANTIAGO, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 1:17-cv-0166 (Erie) |
| | ) | |
| vs. | ) | |
| | ) | RICHARD A. LANZILLO |
| WALMART STORES, INC., WALMART | ) | UNITED STATES MAGISTRATE JUDGE |
| WALMART STORES EAST LP, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | ORDER ON DEFENDANTS' MOTION |
| | ) | IN LIMINE (ECF NO. 66) |

Defendants Walmart Stores Inc., and Walmart Stores East, L.P. (collectively, Walmart) has filed a motion in limine (ECF No. 66) to preclude evidence and/or testimony regarding the Plaintiff's future medical treatment and future medical expenses. The standard for admissibility of evidence of future medical expenses is well-established under Pennsylvania law:

> An item of damage claimed by a plaintiff can properly be submitted to the jury only where the burden of establishing damages by proper testimony has been met. *Cohen v. Albert Einstein Medical Center*, 405 Pa. Super. Ct. 392, 410, 592 A.2d 720, 729 (1991). In the context of a claim for future medical expenses, the movant must prove, by expert testimony, not only that future medical expenses will be incurred, but also the reasonable estimated cost of such services. *Id.* See also, *Berman v. Philadelphia Board of Education*, 310 Pa. Super. Ct. 153, 161-65, 456 A.2d 545, 550-51 (1983). Because the estimated cost of future medical services is not within the layperson's general knowledge, the requirement of such testimony eliminates the prospect that the jury's award will be speculative. *Cohen*, 405 Pa. Super. Ct. at 410-11, 592 A.2d at 729.

*Ridolfi v. State Farm Mut. Auto. Ins. Co.*, 2017 WL 3198006, at *2–3 (M.D. Pa. July 27, 2017) (quoting *Mendralla v. Weaver Corp.*, 703 A.2d 480, 485 (Pa. Super. Ct. 1997)).

In the present case, the Plaintiff has proffered the report and deposition for use at trial of Louis T. Olegario, M.D. in support of her claim for future medical expenses. The future expenses claimed by the Plaintiff relate to a radiofrequency ablation procedure, otherwise known as a "rhizotomy." This surgical

1

procedure involves the severing of nerve roots in the spinal cord in an effort to relieve chronic pain. Plaintiff has undergone radiofrequency ablations in the past. Dr. Olegario testified at deposition that patients like Plaintiff "usually" require the procedure to be repeated annually (approximately every twelve months) because the affected nerve or nerves typically grow back in nine months to a year. (ECF No. 73, p. 13). Dr. Olegario went on to testify regarding the estimated cost of repeat radiofrequency ablations. (Id.). On cross-examination, Defendant's counsel elicited Dr. Olegario's admission that more than two years have passed since Plaintiff had her last ablation and that some patients do not require that the procedure be repeated or at least not repeated at the same frequency as a typical patient. (*Id.* at p.15). Defendant also notes that Dr. Olegario did not testify regarding how far into the future Plaintiff is likely to require ablations to be performed. Based upon Dr. Olegario's admissions and the omission of a projected duration for repeat procedures, Walmart asserts that his testimony and all evidence concerning future medical procedures and expenses should be excluded at trial.

The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions in limine prior to trial. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983) (*rev'd on other grounds sub nom.*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)). Courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence. *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988). Further, Courts may also do so in order to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted).

The Court may grant a motion in limine to exclude evidence where the proffered evidence is inadmissible under the Federal Rules of Evidence. "Preliminary evidentiary rulings under Rule 403 of the Federal Rules of Evidence are subject to the trial judge's discretion and are therefore reviewed only for abuse of discretion." *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1213 (3d Cir. 1995) (citations omitted); *see also Bernardsville Bd. of Educ. v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994) (reviewing in limine rulings for

2

abuse of discretion). In exercising this discretion, the court is to be "guided by certain basic principles," including the principle that the "Federal Rules of Evidence can aptly be characterized as evidentiary rules of inclusion, which are designed to broadly permit fact-finders to consider pertinent factual information while searching for the truth." *Ridolfi,* 2017 WL 3198006, at *2–3. This inclusionary policy is reflected in various rules, including Rule 401, which defines what is relevant in an expansive fashion, stating:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401. "Under [Rule] 401, evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Frank v. County of Hudson,* 924 F. Supp. 620, 626 (D.N.J. 1996) (citing *Spain v. Gallegos,* 26 F.3d 439, 452 (3d Cir. 1994)) (quotations omitted). Similarly, Rule 402 generally defines the admissibility of relevant evidence broadly, providing that:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Fed. R. Evid. 402.

At the same time, the trial judge, as "gatekeeper," must ensure that expert testimony is relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 589 (1993). *Daubert* and its progeny have established a three-prong test for the admissibility of expert testimony. The proponent of the testimony must demonstrate: (1) the expert's qualifications; (2) the reliability of the proffered testimony; and (3) the fitness of the testimony, that is, the connection between the opinions and the issues in the case. *In re Paoli R.R. Yard PCB Litig.,* 35 F.3d 717, 741-43 (3d Cir. 1994). Here, Walmart argues that the proffered evidence is too speculative to allow its admission. In other words, based upon the evidence, Walmart contends the jury can only guess at an award of damages for future medical expenses. In this

regard, Walmart challenges the reliability of the proposed expert testimony upon which the Plaintiff bases her claim to future medical expenses.

To be considered "reliable," the expert must have good grounds for his opinions. The focus is on methodology and not on the conclusions. Credibility decisions arise after admissibility has been determined. *Kannankeril v. Terminix Int'l, Inc.*, 128 F.3d 802, 806 (3d Cir.1997). Consequently, even though there may be better grounds or there are some flaws in the methods used, expert testimony is admissible if the grounds are reliable. All that is required is a "fit" between the grounds and the conclusions in the case. *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir.2000).

Here, the methodology underlying Dr. Olegario's expert testimony is quite simple. He opines that the nerves subjected to the ablation procedure usually grow back or regenerate between nine and twelve months following the procedure, thus, requiring the procedure to be repeated annually. His opinion is based upon his experience with other patients upon whom he has perform ablations. He did not examine the Plaintiff, but did review certain of her medical records. In reviewing the sufficiency of this testimony, the Court is mindful that under Pennsylvania law, "[e]xpert testimony is not required to predict the exact result anticipated, but more than a mere possibility or fear of future consequences must be shown." *Fretts v. Pavetti*, 282 Pa. Super. Ct. 166, 175, 422 A.2d 881, 885 (1980) (citing *Baccare v. Mennella*, 246 Pa. Super. Ct. 53, 369 A.2d 806 (1976)). Here, however, the Court finds that the absence of any evidence in the record concerning how long into the future the Plaintiff can be expected to undergo ablations would require the jury to guess in rendering any award of damages for such future medical expenses. While Dr. Olegario testified regarding the rate at which nerves regenerate following the ablation procedure and the timing of future procedures, he offered no testimony concerning how long into the future the Plaintiff could reasonably be expected to undergo such procedures. His testimony and the record in general are silent concerning the efficacy or advisability of the procedure over time, and the record is also insufficient to allow the Court or the jury to assume that the procedure can be performed for the balance of the Plaintiff's life. Further, even if the record supported such an assumption, the record includes no evidence concerning the life expectancy of the Plaintiff, and the record is unclear whether her

4

condition can be considered permanent. The Court therefore finds that the proffered evidence of future medical expenses lacks foundation and is too speculative to permit its admission at trial. Accordingly, the Court grants Walmart's Motion *in Limine* and hereby precludes testimony or other evidence regarding future medical treatment and associated expenses.

So ordered.

RICHARD A. LANZILLO
United States Magistrate Judge

Entered this 11th day of October, 2019.